## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00251-GPG

DION ANTHONY,

     Plaintiff,

v.

SHERIFF'S DEPUTY DUBRAVA, and
SHERIFF DAVID C. WALCHER,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE
## AN AMENDED COMPLAINT

---

Plaintiff Dion Anthony is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon Correctional Facility in Limon, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court has granted the § 1915 Motion.  The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  The Court will direct Plaintiff to file an Amended Prisoner Complaint for the following reasons.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Plaintiff does not state viable claims against Defendant David C. Walcher because he is the "executive of the institution in which Deputy Dubrava is employed." Compl., ECF No. 1, at 2.  Plaintiff must assert personal participation by Defendant Walcher in the violation of Plaintiff's rights for Defendant Walcher to be named a proper

party to this action.  Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint that complies with the directions above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court shall proceed to review the merits of only the claims that are asserted against properly named defendants in the Complaint filed on February 5, 2015.

DATED February 10, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge