IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0251-LTB

DION ANTHONY,

    Plaintiff,

v.

SHERIFF'S DEPUTY DUBRAVA,

    Defendant.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Dion Anthony, currently is in the custody of the Colorado Department of Corrections and is confined at the Limon Correctional Facility in Limon, CO. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, concerning an alleged event that occurred while he was detained at the Arapahoe County Detention Facility in Centennial, Colorado. Plaintiff has been granted leave to proceed pursuant to § 1915.

    Magistrate Judge Gordon P. Gallagher reviewed the Complaint and entered an order on February 10, 2015 directing Plaintiff to file an amended complaint asserting personal participation by each defendant and stating specifics concerning what each defendant did to harm him and what specific legal right was violated. On March 11, 2015, Plaintiff filed an Amended Complaint against one Defendant, Sheriff's Deputy Dubrava.

    The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co* , 398 U.S. 144, 150 (1970).  The Court will dismiss this action as legally frivolous for the reasons stated below.

Plaintiff asserts only one claim in the Amended Complaint that addresses the conditions of his confinement while he was detained at the Arapahoe County Detention Facility.  Specifically, he alleges that Defendant Dubrava confronted him about his Ramen Noodle Soup Commissary Item and yanked his arm unnecessarily hard in taking his soup from him without any justification.  Plaintiff claims that he suffered bruising as a result.  Plaintiff seeks $11,000,000.00 in money damages.

Plaintiff fails to state specifically what federal constitutional right Defendant Dubrava violated.  Instead, he claims the "use if excessive force by a peace officer on a pretrial detainee." Am. Compl., ECF No. 6, at 5.  Nonetheless, " 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Parrus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Liberally construing Plaintiff's claims, and considering he is a pretrial detainee, the Court finds he is asserting a Fourteenth

Amendment claim.

In the Tenth Circuit, a pretrial detainee's due-process clause rights parallel that of an inmate's Eighth Amendment rights: "Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether appellant's rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (1999) (citations omitted). "In fact, the due process rights of a person in [this] situation are at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Eighth Amendment, therefore, provides the analytical framework for addressing Plaintiff's claims. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

The use of excessive physical force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 4 (1992). The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Id.*, 503 U.S. at 6. As the Court made clear in Hudson, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (internal quotation marks omitted). Thus, even if a use of force is deemed unnecessary after the fact; if it was both de minimus and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive-force claim. *Id.* at 10 (internal quotation marks omitted).

In the instant case, the force allegedly used against Mr. Marshall was both de minimus and not of a nature that is repugnant to mankind. Merely yanking a prisoner's arm resulting in some bruising does not allege a constitutional violation for excessive

force.  *See, e.g.*, *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured a prisoner by grabbing him around his neck and twisting it as not objectively harmful enough to establish a constitutional violation); *Marshall v. Milyard,* 415 Fed. App'x 850, 853-854 (10th Cir. Jan. 31, 2011) (allegation that corrections officer put his fingernails deep into prisoner's right arm without cause to do so resulting in redness and bruising failed to state a claim for excessive force).  *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation; *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation).

While this Court does not condone unnecessary uses of force by prison guards, Mr. Anthony's allegations of de minimus force simply fall short of what is required to establish a constitutional violation.  The Court, therefore, will dismiss the Complaint and Plaintiff's request for money damages as legally frivolous because Plaintiff fails to state a violation of his Fourteenth Amendment rights.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for

the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Prisoner Complaint and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

**FURTHER ORDERED** that Plaintiff's Motion requesting service (ECF No. 7) is **DENIED** as moot. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   18th   day of    March   , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court